**UNITED STATES of America, Appellee,**

v.

**Zafar CHAUDHRY, Defendant,**

**Raza Chudry, Defendant–Appellant.**

**Docket No. 02–1060.**

United States Court of Appeals, Second Circuit.

Nov. 26, 2002.

Appeal from the United States District Court for the Southern District of New York (Richard C. Casey, D.J.).

K. Jayaraman, Memphis, TN, for Appellants.

Ping C. Moy, Assistant United States Attorney for the Southern District of New York, (James B. Comey, United States Attorney, and Celeste L. Koeleveld, Assistant United States Attorney, Southern District of New York, on the brief), New York, NY, for Appellees.

Present: WALKER, Chief Judge, OAKES, MINER, Circuit Judges.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Defendant–Appellant Raza Chudry appeals from a judgment of conviction entered on January 18, 2002, by the United States District Court for the Southern District of New York (Casey, *D.J.*), after he pleaded guilty to health care fraud, in violation of 18 U.S.C. § 1347. The fraud stemmed from Chudry's participation in a scheme to submit fraudulent claims to Medicare for reimbursement for blood tests purportedly conducted at a blood testing laboratory in New York.

Around February 17, 2001, Chudry initiated plea negotiations approximately one year after the indictment was filed, and about a week before the trial. On February 20, after a full day of negotiations by telephone, Chudry's original counsel advised the government that Chudry had agreed to the plea offer and faxed to the government a copy of the proposed plea agreement signed by counsel and Chudry. The parties attempted to schedule the entry of the plea for the next day, but Judge Casey was out of town, so he referred the matter to Magistrate Judge James C. Francis IV. Chudry consented to the magistrate judge taking his plea, and stated that he had read and understood the indictment and the plea agreement, that he had consulted with his attorney, that he was satisfied with his attorney, that he had not been threatened or coerced with promises, and that he was ready to plead guilty.

Five months later, Chudry, having retained new counsel, filed a motion in the district court to withdraw his guilty plea. Chudry argued that his counsel failed to explain the plea, coerced him into signing it, and was ineffective, and he contended that the plea was invalid because Judge Casey had not formally assigned Magistrate Judge Francis to take the plea. Judge Casey denied the motion to withdraw the guilty plea and declined to grant an evidentiary hearing, finding that "the defendant is not credible." Chudry had submitted a false affidavit averring that he was not shown the plea agreement until a few minutes before the plea hearing. In fact, he had reviewed and signed the agreement the previous day, giving him enough time to reflect on his decision. In this appeal, Mr. Jayaraman, Chudry's counsel, again includes both Chudry's affidavit and his own motion containing the falsehood in the appendix, and cites the same page of his motion containing the misrepresentation to support his allegation that "the terms of the plea agreement [were] not fully explained to him." Mr. Jayaraman again offers no disclaimer about the false statement. After Judge Casey's clear warning that "[t]his kind of conduct is not tolerated in the District," we are dismayed that Mr. Jayaraman perpetuated the falsehood in his own brief and took no steps to correct this misrepresentation until it was brought to his attention at oral argument.

■ On appeal, Chudry first argues that the district court erred as a matter of law in finding that the magistrate judge properly took his plea without a formal assignment from the district judge. We review the district court's interpretation of a statute de novo. *United States v. Pettus*, 303 F.3d 480, 483 (2d Cir.2002). The Federal Magistrates Act permits district judges to assign "such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). We have held that this provision authorizes a district judge to assign felony guilty plea allocution to a magistrate judge if the defendant consents to

the procedure. *United States v. Williams,* 23 F.3d 629, 632–34 (2d. Cir.1994). Chudry concedes that he consented to proceed before the magistrate, but contends that this assignment to a magistrate judge violates Article III's structural guarantee, which parties may not waive. *See Commodity Futures Trading Comm'n v. Schor,* 478 U.S. 833, 850–51, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986). However, "[b]ecause the district court remains in control of the proceedings and the matter is reported to that court for its approval," plea allocutions do not implicate "the structural protections of Article III." *Williams,* 23 F.3d at 634. Chudry also argues that the district court must provide a "specific" or formal assignment to the magistrate judge, such as a docket entry. However, he cites no authority supporting a required official record of an assignment. Such a record is unnecessary.

Second, Chudry argues that the district court abused its discretion in denying his motion to withdraw his plea and his request for an evidentiary hearing. A district court may permit withdrawal if the defendant shows "fair and just reason" for the withdrawal of a plea, if those grounds are not outweighed by prejudice to the government. Fed.R.Crim.P. 32(e); *United States v. Vega,* 11 F.3d 309, 313 (2d. Cir.1993). In our review of a district court's denial of a motion to withdraw a guilty plea, adjudicative facts are "subject to the clearly erroneous standard of review," and a district judge's denial of the motion is reviewed "for abuse of discretion." *United States v. Gonzalez,* 970 F.2d 1095, 1100 (2d Cir.1992). The district court had good reason for finding that Chudry's misrepresentations about his plea display "a troubling disregard for the truth," and that the defendant is "not credible." It appeared to him that Chudry had become dissatisfied with the plea, and he ruled that no evidentiary hearing must be granted if the allegations are "inherently incredible or are simply conclusory." Furthermore, Chudry waited five months to file his motion to withdraw his plea. Such a long delay is prejudicial to the government, and it is difficult to reconcile with his claims.

■ Finally, the district court properly rejected Chudry's claims of ineffective assistance of counsel. To succeed in an ineffective assistance claim, a defendant must meet the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, his attorney's performance must have fallen below an objective standard of reasonableness under prevailing professional norms. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 687, 689. Second, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Chudry relies on an affidavit from another attorney, Doris Randle–Holt, that a more competent attorney would have gotten a better deal for him. The district court is correct that the affidavit is "conclusive" and "presumptuous." There is no evidence that counsel made any serious errors that fell below professional norms. The affidavit also fails to demonstrate prejudice, because it is cursory and does not engage the evidence of the case itself. Considering the client's credibility and regard for the truth in our courts, trial counsel was probably wise to negotiate this plea agreement.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**